**AMERICAN SMELTING & REFINING CO.**

v.

**BLACK DIAMOND S.S. CORP.**

United States District Court
S. D. New York.
Oct. 13, 1958.

See also 144 F.Supp. 47.

---

Bigham, Englar, Jones & Houston, New York City (Henry N. Longley and John W. R. Zisgen, New York City, of counsel), for libelant.

Dow & Symmers, New York City (Daniel L. Stonebridge and Raymond W. Mitchell, New York City, of counsel), for respondent.

RYAN, District Judge.

This is an application by the respondent in an admiralty suit to retax costs after taxing by the Clerk of the Court on a bill of costs noticed for taxation by respondents who after trial secured a final decree of dismissal.

The suit was tried in February 1956; a final decree entered on November 28, 1956, which on appeal was reversed and the suit remanded for further proceedings and findings. Following the remand no additional evidence was presented and upon the record made at the first trial a final decree was again entered on September 24, 1958. It is on this final decree that the costs here involved were taxed.

The objections of respondents concern only the costs or allowances made for the attendance of its witnesses at the trial. These witnesses testified at the trial held in February, 1956. No dispute arises from the days of attendance or the actual mileage travelled; it centers only on the amount per diem allowance—libelants contending this should be $5 per day and respondents $8 per day—and on the mileage allowance —libelants contending it should be 7¢ per mile for coming from and returning to place of residence and respondents urging the proper amount to be 8¢ per mile.

These items of costs—subsistence and mileage—are intended as reimbursement for expenditures actually made, and in civil causes a ceiling has been placed upon these amounts by Sec. 1821, Title 28. In Suits in the Admiralty, Sec. 1925, Title 28, it is provided that such costs "shall be prescribed by rules promulgated by the Supreme Court." Such rules governing costs have never been promulgated. It has long been the practice to tax mileage and subsistence in Admiralty suits at the rates fixed by Sec. 1821 which prior to August 1, 1956 would have been at the rate contended for by libelants and after that date at the rate urged by respondents. An amendment to Sec. 1821 became effective on August 1, 1956 increasing the rates for mileage and subsistence, in the amounts of this difference.

The question presented is should the rate of these costs be taxed in the amounts provided for at the time of the actual appearance of these witnesses in court or at the rates prevailing at the time of entry of judgment?

There are no decisions on this question which either court or counsel have found.

Since however these items of costs are intended as reimbursement only, they should be limited to the maximum amount taxable at the time the disbursements were actually made and when the witnesses in fact attended. The disallowance of the disbursements in the increased amounts sought by respondents was therefore proper and is approved.

Motion to sustain objections to the costs as taxed is denied.

So ordered.